SARAH HAGADORN, RESPONDENT, *v.* RICHARD A. KEAR-
NEY, APPELLANT.

*Impeaching character of witness — rebutting testimony — what admissible as.*

Upon the trial of an action for assault and battery, the defendant having called
several witnesses who testified to the bad character of the plaintiff, a milliner,
who had testified in her own behalf, she was recalled and asked: " How was
it as to the better class of ladies in the village patronizing you up to that time?"
*Held,* that the question was improper, and that.the court erred in allowing it to
be put and answered against the objection and exception of defendant's counsel.

APPEAL from judgment in favor of the plaintiff, entered on a ver-
dict rendered at the Orleans Circuit.

Action of assault and battery. Defense, a denial.

*J. H. White*, for the appellant.

*A. G. Rice*, for the respondent.

SMITH, J. :

The defendant having given testimony, by several witnesses,
tending to show that according to the speech of people, the general
moral character of the plaintiff and her sister, Mrs. Strouss, who
had testified as witnesses in her behalf, was bad, the plaintiff, in
reply testified that she and her sister carried on the millinery
business in Medina, at the time of the alleged assault and battery,
and her counsel then put to her this question, " How was it as to
the better class of ladies in the village patronizing you up to that
time ? " An objection and exception were taken, which raise the
inquiry, whether the question was competent and proper. If com-
petent at all, it was for the purpose of sustaining the plaintiff and her
sister as witnesses, against the impeaching testimony introduced by
the defendant. Was it admissible for that purpose ? The general
rule is, that testimony impeaching the general reputation of a wit-
ness may be met by fresh evidence in support of his character, or
by evidence attacking the general character of the impeaching
witness. In addition to this, the impeaching witnesses may be cross-
examined as to their means of knowledge, or the grounds of their

opinion. (2 Phil. Ev. [4th Am. ed., with C. & H. and Edwards' notes], 955, and note 598, p. 958; 1 Gr. Ev., p. 461.) In *The People* v. *Mather* (4 Wend., 229), several persons having testified to the bad character of one Gregory, a witness called on the part of the people, the public prosecutor proposed, by way of supporting his credit, to introduce witnesses to show that the reports against him had originated from a particular party or body of men, and were founded on a particular transaction, which had been intentionally perverted to injure his character. The offer was excluded, and the Supreme Court sustained the ruling, on the ground that the testimony would have introduced a collateral issue tending to embarrass and delay the trial, and probably, in no respect, subserving the ends of justice. MARCY, J., in delivering the opinion of the court said, that the proposition was "asking for a greater latitude of inquiry than would be safe to grant. If the main issue formed by the pleadings is to be tried with reasonable expedition, collateral issues must be avoided, as much as possible. These issues are more likely to multiply in ascertaining the interest or testing the credibility of witnesses than in any other incidents of a trial." Fortunately, at this day, questions respecting the interest of witnesses seldom occupy the courts, but the comments of the learned judge, as to the tendency of the multiplication of issues in testing the credibility of witnesses, are as pertinent now as they were at the time when they were written. The present case illustrates their force. The counsel for the respondent attempts to justify the reception of the evidence in question, on the ground that the fact of the good standing and character of the plaintiffs' customers, warrants the inference that in their estimation, the plaintiff's character was good, and in that way it tended to repel the impeaching testimony.

It is not to be assumed, however, that the plaintiff's patrons necessarily knew the general speech of people concerning her, and if that assumption were warranted, the plaintiff had no right to avail herself of testimony that merely raised an inference that her reputation was good. The inquiry was as to her reputation, according to the speech of people, as shown by the testimony of persons acquainted with it. If she had enjoyed the business patronage of ladies of good standing, she could have called them as witnesses to state what they knew of her general reputation, and thus she would

have kept strictly within the issue. But by the course pursued, a collateral issue was presented, as to the number and standing of her patrons, and their opportunity of knowing the speech of people concerning her, which the defendant was not required to be prepared to try.

If the testimony was admissible, it would be equally competent to sustain a witness whose general character is assailed, by showing that he had held a responsible public office, or a place of trust, or that he was a church member in good standing, or in short, by proving any other fact from which a good reputation would ordinarily be inferred.

We are of the opinion that the testimony was improperly received, and we cannot say that it had no influence in producing the verdict of the jury.

For this reason we think the judgment should be reversed, and a new trial ordered, costs to abide event.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.